**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1580
_____

MERSADIES BONILLA,
                            Appellant

v.

AMERICAN HERITAGE FEDERAL CREDIT UNION
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-02276)
District Judge:  Honorable Mark A. Kearney

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
August 12, 2021
Before:  JORDAN, MATEY and NYGAARD, Circuit Judges

(Opinion filed: August 16, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Mersadies Bonilla appeals from the District Court's order granting defendant American Heritage Federal Credit Union's motion for summary judgment and denying her motion for summary judgment. For the following reasons, we will affirm the District Court's judgment.

I.

As we write primarily for the parties, who are familiar with the facts, we will discuss the details only as they are relevant to our analysis. In 2016, someone transferred several thousand dollars into Bonilla's accounts at American Heritage Federal Credit Union from the account of another Credit Union shareholder. The Credit Union believed this transfer was fraudulent and reversed the payment, which left Bonilla's accounts with negative balances. The Credit Union began reporting these negative balances to credit reporting agencies.

After the Credit Union reported the suspected fraud, the Commonwealth of Pennsylvania brought criminal charges against Bonilla regarding the transfer of funds.[1] In July 2019, the Commonwealth attempted to file a motion to nolle pros the charges. Due to administrative confusion, no motion was docketed and the charges remained pending until March 2020, when the Philadelphia Court of Common Pleas granted the

_____

[1] While those charges were pending, Bonilla filed a federal lawsuit against the Credit Union alleging violations of federal consumer protection and banking statutes. The District Court ultimately granted the Credit Union's motion for judgment on the pleadings, and Bonilla did not appeal. See Bonilla v. Am. Heritage Fed. Credit Union, No. 2:18-cv-03293, 2019 WL 1506012 (E.D. Pa. Apr. 4, 2019).

Commonwealth's motion to nolle pros the charges at a status hearing. In April 2020, the Credit Union ceased reporting the negative balances to credit reporting agencies.

That month, Bonilla filed two complaints, one in federal court and one in state court. In both complaints, Bonilla brought claims against the Credit Union and three individual employees of the Credit Union for alleged violations of state and federal laws.[2] Since Bonilla filed her federal complaint in forma pauperis, the District Court screened it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). After permitting an amendment, the District Court ruled that Bonilla stated a claim under the Fair Credit Reporting Act but failed to state a claim under the Fair Debt Collection Practices Act, Truth in Lending Act, or state law. Bonilla v. Am. Heritage Fed. Credit Union, No. 2:20-cv-2053, 2020 WL 2539197 (E.D. Pa. May 19, 2020).

The defendants removed the state-filed case to federal court, and, with Bonilla's consent, the District Court consolidated the two cases. The District Court granted the defendants' motion to dismiss the removed complaint and gave Bonilla leave to file an amended complaint addressing both the Fair Credit Reporting Act claim and the deficiencies in her state claims. Bonilla filed a first amended complaint, and the defendants again moved to dismiss. The District Court granted the motion in part and determined that Bonilla stated only a claim against the Credit Union under the Fair Credit Reporting Act. The District Court dismissed without prejudice Bonilla's claims against

---

[2] The federal complaint focused on the alleged violations of federal law and the state complaint on alleged violations of state law, but both complaints alleged both types of violations.

the individual defendants, claims under Pennsylvania law, and renewed efforts to bring other federal statutory claims.  Mem., ECF No. 16, & Order, ECF No. 17.

After the Credit Union answered the First Amended Complaint and Bonilla unsuccessfully moved for summary judgment, Bonilla sought leave to amend her complaint, based on discovery, to seek punitive damages for willful violation of the Fair Credit Reporting Act.[3]  The District Court denied without prejudice this first motion, which did not include a proposed Second Amended Complaint.  Bonilla filed a second motion to amend, attaching a proposed Second Amended Complaint asserting claims against the Credit Union under the Fair Credit Reporting Act (including punitive damages), Truth in Lending Act, Regulation Z, and Electronic Fund Transfer Act, but without any Pennsylvania law claims.  The District Court explained that Bonilla failed to justify including the twice-dismissed Truth in Lending Act, Regulation Z, and Electronic Fund Transfer Act claims and denied her motion without prejudice to moving to amend "by showing good cause to add punitive damages alone or otherwise asserting claims consistent with [the District Court's] earlier Orders."  Order, ECF No. 29.

Bonilla filed a third motion to amend with a proposed amended complaint containing only the Fair Credit Reporting Act claim and related claim for punitive

---

[3] Each of Bonilla's motions to amend requested "leave to supplement her first amended complaint according to Rule 15(a)(2)."  ECF Nos. 26, 28, 30.  Bonilla did not cite Federal Rule of Civil Procedure 15(d), allege any new transactions, occurrences, or events within the meaning of that provision, or otherwise refer to supplementation in her motions.  She thus moved to amend, not merely to supplement.  Cf. Lewis v. Att'y Gen., 878 F.2d 714, 722 n.20 (3d Cir. 1989) (explaining that a pro se pleading must be "judged by its substance rather than according to its form or label") (citation omitted).

damages. The District Court granted this motion in part and denied in part, rejecting Bonilla's inclusion, in her prayer for relief, of a request for a declaration that her rights under the United States Constitution had been violated. With that request removed, Bonilla filed her Second Amended Complaint and the Credit Union answered.

After discovery, the parties filed cross-motions for summary judgment. The District Court granted the Credit Union's motion and denied Bonilla's motion. Mem., ECF No. 58. Bonilla appealed.[4]

## II.

We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment, applying the same standard that the District Court applies. Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although "[w]e view the facts and draw all reasonable inferences in the non-movant's favor," we will conclude that "[a] disputed issue is 'genuine' only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party." Resch v. Krapf's Coaches, Inc., 785 F.3d 869, 871 n.3 (3d Cir. 2015) (citation and quotation marks omitted).

---

[4] Bonilla did not name the previously dismissed individual defendants in her notice of appeal and does not argue on appeal that her claims against those defendants should be revived.

## III.

First, we address the scope of this appeal. Bonilla primarily argues that the District Court erred in dismissing her fraud claim against the Credit Union under Pennsylvania law. She contends that the District Court improperly focused on intentional fraud and overlooked Pennsylvania case law finding liability for negligent or innocent misrepresentations. But Bonilla's operative pleading is the Second Amended Complaint, and it does not contain any Pennsylvania law claims. In general, an amended pleading "supersedes the earlier pleading and renders the original pleading a nullity." Palakovic v. Wetzel, 854 F.3d 209, 221 (3d Cir. 2017). The failure to include a dismissed claim in an amended pleading constitutes a waiver of the right to challenge that claim on appeal unless repleading the particular cause of action would have been futile. United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 516 (3d Cir. 2007). "Repleading is futile when the dismissal was 'on the merits,'" which is "when it is with prejudice or based on some legal barrier other than want of specificity or particularity." Id.

The District Court dismissed Bonilla's fraud claim because she failed to identify any misrepresentation that the Credit Union made to her upon which she justifiably relied. This dismissal was based on factual insufficiency and was explicitly without prejudice. Bonilla did not include any fraud claim in any draft of the Second Amended Complaint, even when she included several previously dismissed statutory claims, and never specifically asserted claims for negligent or innocent misrepresentation. She also did not take any affirmative action to preserve the dismissed fraud claim for appellate review, such as filing a notice with the District Court. Atkinson, 473 F.3d at 517. Under

6

these circumstances, repleading was not futile and Bonilla has waived her right to challenge the District Court's dismissal of her fraud claim.[5]

Aside from her arguments about her fraud claim, Bonilla contends that the District Court erred in its summary judgment analysis of her Fair Credit Reporting Act claim.[6] She maintains that the Credit Union violated its statutory duty to investigate and implies that Pennsylvania's doctrines of negligent and innocent misrepresentation impact the scope of this duty. Those doctrines do not aid Bonilla and, in any case, do not determine the reasonableness of an investigation under the Fair Credit Reporting Act. See Seamans v. Temple Univ., 744 F.3d 853, 864-65 (3d Cir. 2014) (explaining the reasonableness standard). Bonilla also makes several factual arguments, albeit without explanation of

---

[5] If we were to review the dismissal, we would conclude that the District Court did not err. Bonilla focuses on intentionality, but the District Court dismissed her claim based on other elements of fraud. Bonilla failed to allege that she justifiably relied on a misrepresentation, as required to state a claim for intentional, negligent, or innocent misrepresentation under Pennsylvania law. See Bortz v. Noon, 729 A.2d 555, 560-61 (Pa. 1999). And the doctrine of innocent misrepresentation is limited to claims seeking recission in the real estate context. Id. at 61. Bonilla based her claim on alleged misrepresentations made to credit reporting agencies, but she does not cite, and we are not aware of, any Pennsylvania authority permitting a claim for intentional or negligent misrepresentation where the plaintiff's injury did not result from the plaintiff's own justifiable reliance. See Feudale v. Aqua Pennsylvania, Inc., 122 A.3d 462, 466 n.5 (Pa. Commw. Ct. 2015) ("[The plaintiff] does not cite, and we are unaware of, any authority which would allow a third party to recover for a misrepresentation made to and relied upon by another party.").

[6] In her appellate brief, Bonilla claims in passing that the Credit Union violated the Truth in Lending Act. Even if this claim is not waived by Bonilla's failure to include it in the Second Amended Complaint, she provides no substantive argument about the District Court's dismissal of that claim and thus forfeits the issue. See N.J. Dep't of Env't Prot. v. Am. Thermoplastics Corp., 974 F.3d 486, 492 n.2 (3d Cir. 2020).

7

how they are material to her claim. We conclude that there is no genuine issue of material fact concerning whether the Credit Union conducted reasonable investigations of Bonilla's disputes in 2019 and 2020, for substantially the same reasons given by the District Court. We will thus affirm the District Court's grant of the Credit Union's motion for summary judgment and its denial of Bonilla's motion for summary judgment.

IV.

Accordingly, we will affirm the judgment of the District Court.